The first case is Netlist v. Samsung et al., 2024-1521. Mr. Crudo. Thank you, Your Honor, and may it please the Court. Our appeal is based on a simple premise, and that is it was Samsung's verdict to explain in its petition how the obviousness combination here was supposed to work. It didn't do that, and the board let Samsung off the hook, which led to a multi-tiered APA violation. The petition here argued that one component in the Hirayoshi reference would somehow control another unrelated component to do something it was never designed to do. Samsung didn't explain how that would be done, nor did it ever suggest that Hirayoshi would be modified so that it could be done. Yeah, but the reason the board disagreed with you is it said that they merely treated what was the example cited in the petition as an example, and they're allowed to evaluate obviousness in light of Butts' explicit disclosures and a person skilled in the art, which is exactly what the petitioner pointed to. So why is that problematic? Because, Your Honor, the board didn't make that statement until its decision on rehearing. And even then, Samsung, even though it used the phrase E.G., which I think Your Honor is referring to as an exemplary example of how its combination would work, it never proposed any other example of how the implementation would be performed. And we see that at Appendix 1333, which is Samsung's expert declaration. There he proposed that Hirayoshi's read leveling circuit would determine the amount of delay to apply using Butts' road centering algorithm, and then that read leveling circuit would somehow control the delay circuit to apply that delay. He never suggested borrowing circuitry from Butts, and he never suggested changing Hirayoshi's circuitry. But are we talking about paragraph 63 in Butts? Because that's what the briefs were discussing. And you allege that was new in the rehearing, and that's not correct, is it? Well, that's the first time that the board had ever relied on paragraph 63 to address this particular argument. Did they do it at 18, of the original? The board at Appendix 18 was addressing a separate argument that we allege below that is no longer relevant on appeal. That is that Butt requires a computer that Hirayoshi lacks. The board rejected that argument based on Butts' paragraph 63. But importantly, Samsung's expert never even cited paragraph 63 of Butts, of the Butt reference, and so Samsung never thought that that paragraph was relevant to its disclosure. I think the problem here is this. Counsel, do you agree that the board is not bound to only cite exactly what Samsung cited? That's true, Your Honor, but the board is bound to the obviousness argument that the petitioner raises. And here, Samsung was very clear in its opening declaration and petition that it wasn't relying on a theory that required modification of Hirayoshi. Their expert acknowledged at his deposition that he wasn't relying on modification. So we then came back and showed that the read leveling circuit had no way to control the delay circuit without modification. At that point, Samsung was at a crossroad. It could have proffered supplemental expert declaration testimony saying why we were wrong or shifting to a modification theory, but it didn't do that. What appendix page can you point us to for where you said the expert acknowledged that it wasn't relying on? Yes, Your Honor. At appendix 7792, beginning 14, this is the deposition of Samsung's expert, and he's discussing modifying the Hirayoshi reference. He says, for the first time at his deposition, he suggested, well, if Hirayoshi doesn't have the circuitry, you could borrow it from Butt. And he says, well, this is not in my report. I would be generating new information. I would be generating new opinions. But I mean, you would have to do whatever is necessary in order to implement Butt. So his acknowledged that this was never set forth in his opening declaration, and critically, Samsung never proffered a supplemental declaration. So we reasonably believed that the modification theory was not at play. It wasn't until the decision on rehearing that the board first mentioned a theory whereby Hirayoshi could be modified. We had no opportunity to respond to that position, and that's a quintessential APA violation under Magnum Oil. And I think it's telling that on appeal, Samsung says at page 48 of its red brief that the petition never argued that Hirayoshi would not be modified. But that improperly flips the burden. It's Samsung that bore the burden to establish reasonable expectation of success, and the absence of evidence or argument in the petition doesn't satisfy that burden. In the pages you pointed to, counsel, it talks about, or the answer talks about, I felt it's already there, or something similar said on the next page, appendix page 7793. What is being referred to by the witness there? He's referring to circuitry in Hirayoshi for implementing the combination. But to your honor's point, it's a little difficult to tell precisely because he didn't discuss what circuitry would be needed. He didn't discuss what modifications would be required, and neither did the board. His position was you would do whatever is necessary to implement but. And this court's cases, such as personal web, and in fact, the Samsung versus Elm 3DA case, say that that's not enough, especially when the technology is complicated. The board has to provide a clear evidence-backed analysis of how the combination is supposed to work, and the board didn't do that, and neither did Samsung. There is a third problem with how the way this case unfolded, and that's the board didn't resolve factual disputes related to the arguments that Samsung actually proposed. And we know that because Samsung defends the board's ruling on appeal by invoking fact findings that the board never even made. And there are three in particular. The first is that we showed that Hirayoshi's delay circuit is designed to apply only a fixed delay, not a variable one, and that's important because our claims require a variable delay based on prior operations. So the circuit would somehow have to be redesigned. Now, Samsung disputed that below and on appeal, but the board never resolved that issue. It simply didn't address the argument. That's the first point. The second is that we showed Hirayoshi's delay circuit and re-leveling circuit are separate components that serve unrelated functions. The re-leveling circuit simply controls the input buffers that allow access into the buffer. The delay circuit delays strobe signals. They're not related at all. Again, Samsung disputed that below and disputes it on appeal, but the board never addressed that argument at all. And then finally, we showed that Hirayoshi's delay circuit, or I'm sorry, that the combination would require not only connecting the two components, but additional feedback mechanism. Here, their expert actually agreed with us at appendix 7792 to 7793. He agreed that some additional programming and logic would be required, none of which was discussed in the petition. The board didn't address this issue either. And I think this all goes to show that the board sidestepped these critical factual disputes by changing the obviousness combination. And for that reason, it's sort of a three-tiered APA violation, as I noted. If there are no further questions about reasonable expectation of success, I do want to say just a few words about motivation to combine. The parties seem to dispute whether the board committed legal error in applying KSR, but the court doesn't even have to reach that issue because substantial evidence doesn't support the fact-finding that served as the linchpin in the board's analysis. And in fact, the board flatly misinterpreted the evidence. At the bottom of appendix 14, the board found that Hirayoshi's data and strobe signals would be misaligned by up to 28 degrees. Simply because the prevailing industry standard at the time, the JEDEC standard, says the data signals can be misaligned by 28 degrees. And based on that premise, inciting our experts' testimony, the board found that a skilled artisan would correct that misalignment, the 28-degree misalignment, which would lead the skilled artisan to butt strobe-centering technique. But the board got it exactly backwards. The evidence that it cited doesn't say that the JEDEC 28-degree misalignment is problematic. It says that it isn't problematic, such that there's nothing to realign. And we can look at the evidence that the board cited. It cited our experts' testimony at appendix 7559 to 7561. But there he says that the 28-degree skew ensures that Hirayoshi's buffer operates correctly, such that there is no need to perform additional strobe-centering operation. He also said the same thing at appendix 6052, which the board also cited. He said that the 28-degree skew is the maximum tolerable skew, meaning that Hirayoshi works just fine without any sort of realignment. So the board erred in relying on that evidence to draw a conclusion that is exactly contrary to our experts' testimony. The last point I'll make on this is that not even Samsung endorses the board's reasoning here. On appeal, Samsung doesn't contend that a 28-degree skew or misalignment alone is sufficient to motivate the combination. Rather, it argues that that skew or misalignment would get worse as the signals propagate through the buffer. But once again, the board didn't make that finding. It never reached that issue. And this court, of course, cannot affirm the board based on findings that were never made. So we think that the court can and should at least vacate and remand either on reasonable expectations of success or motivation to combine. Now, there was competing expert testimony from the other side's expert, though, that would have support up the 28 degrees. There was competing expert testimony, Your Honor, but the board didn't cite it. It relied on its interpretation of our experts' testimony, nor did the board make any credibility findings anywhere in the decision. The board never said that it weighed the evidence and credited their expert over ours. Instead, it interpreted our evidence to say exactly opposite of what it said. If there are no further questions, Your Honors, I will save the balance of my time. We will serve it for you, Mr. Holmes. Thank you, Your Honor. May it please the court. This is an appeal that involves substantial evidence. The factual issues of a reasonable expectation of success and motivation to combine are all that are raised. Really, what's important to note here is the ordinary skill in the art because what is ignored in all of the briefs we see from that list is that the board adopted exactly the ordinary skill in the art that was raised by Samson, and that that was undisputed. Most importantly, that ordinary skill in the art included, and I will point you to the appendix at page 158, and the board adopted appendix six, the ability to structure and operate circuitry, including ASICs, to control a memory circuit. So it was in front of the board, and if we look at the petition, we see that Samson relied on it, and that is in the petition, and the citation there is 198, through 201, that but, when you consider the person of ordinary skill in the art, that the functionality but teaches can be used with an ASIC, that's exactly the person of ordinary skill in the art has the knowledge to implement those circuits with ASICs. So the evidence is lined up exactly to do exactly what the board did, take the functionality of but, and implement it in Harashi. Well, what do you say, I mean, your friend develops a theme here, and a couple themes, and one of the themes is APA, and he mentioned a few examples of where the board failed to address certain factual findings with respect to the arguments made. Do you have any, I don't want you to take every single one in detail, but do you have a global kind of response to that? Sure, I mean, the APA requires the board to make findings that support its ultimate conclusions. It does not require the board to, with regard to every finding, consider every piece of evidence, and what this court has done historically is look at the finding, and look at the record, and say, is there evidence to support it? Well, you used the wrong word, I think. I mean, maybe, I wouldn't say the board isn't required to consider everything. The question is whether the board is required to articulate a response and an analysis of everything raised. Correct, in the final written decision, the board identifies some findings. It doesn't have to consider and discuss every piece of evidence. As long as the final- I mean, I would co-sign on what Judge Pone said. Okay. Without the word consider.  I think you're making a term of argument. But your point, I think, is that the board doesn't have to write in its final written decision about every piece of evidence. Is that a fair statement? It's certainly true. And this court has routinely found evidence that supported findings that's in the record and is substantial, and said, the board made the finding, the record supports it. And that's without the board identifying or discussing any particular piece of evidence. And I think that's true with every one of the issues raised by the appellant with regard to these particular intricate issues. I would also point out that the appellant here is creating a standard that is nowhere reflected in this court's law. They require that, well, you need to show this one particular wire between these two boxes. KSR, Intel v. PACT XPP, all of those cases say, have electronic or this type of technology. But if the skill and the art is enough, you don't need to draw the wires. You don't need to say, well, here's exactly how the circuit would be done. And the decision- So what is your response to opposing counsel's arguments? And I was talking back and forth with him about certain expert testimony that he said was interpreted exactly the opposite of what the expert actually said. And he said that was referring to his expert and what was written in the final written decision. Do you have a response to that as well? Certainly. First of all, I think the board's interpretation is subject to deference and is a reasonable interpretation. But it doesn't really matter because this court can rely on our experts' discussion of those very misalignments. And under Intel v. PACT XPP, you don't even need to get there. It's a known issue that there's a timing misalignment. And that's something that can be addressed by the functions in BUT. The person of learning skill and the art has the knowledge to implement those functions in various types of circuitry, including, as the board called out, an ASIC. Specifically described in BUT, specifically included in the undisputed level of ordinary skill and the art. So there's no issue that a person of skill didn't know how to take a signal that reflects the predetermined delay, provide it to the delay circuit, and have the delay circuit delay. That's all that's at issue here. The only claim language that was disputed is claim language of configure two and then gives three functions. No specific circuitry, no specific requirement for structure. This is exactly the kind of language that in KSR the Supreme Court said, look, if the person of ordinary skill and the art has the skill to do this type of work and there's a motivation, a known reason, that's it. And the board found that here. So we don't have any of these issues of how far the board needed to drill down. The board didn't. The board needed to have substantial evidence for the findings it made, and the findings it made are reflected in that substantial evidence. And two findings I'd like to just point out for you, and really those are the key findings here at all are the board's ability to say that the petitioner's contentions are persuasive and specifically, and this is on page 18, just a little bit below the middle of the page, we find that a person of ordinary skill and the art would have had a reasonable expectation of success in combining Butt's retraining techniques with Hiroshi's memory teachings to achieve the claimed invention. And then on page 19, we also find, as discussed above, that a person of ordinary skill and the art would have combined the teachings of Hiroshi and Butt and would have had a reasonable expectation of success in arriving at the claimed invention. The board made the required findings. Now he complains, he says, oh, the petition, the petition was all about this one connection between these two. Let's look at the petition, because it lines up with the board's findings. Specifically, nine times the reply brief in this case cites to a particular sentence on appendix page 202. That's the sentence that has the EG. It gives that one example of a particular structure. But let's look at the four pages before that sentence. Starting on page 198, the petition says, to the extent one might argue Hiroshi alone does not disclose the limitation, it would also be obvious in view of Butt's disclosure that. And then it sets out the claim language and includes brackets for every part of Butt teaching those particular functional requirements. Given the level of ordinary skill, it was undisputed and the board adopted. Given the board's findings, given the petition, there is no basis for a substantial evidence challenge to this decision, and this court should affirm. Unless there are questions, I'll cede my time. Thank you, counsel. Mr. Crudo has some rebuttal time. Thank you, your honors. Just a few points. Samsung is trying to hide behind the level of skill in the art, but that doesn't obviate the burden to establish reasonable expectation of success in the petition. And we're not arguing for a heightened standard. The standard is set forth in personal web, which I think is exactly on point. It says the level of analysis that is required to show motivation to combine in reasonable expectation of success has to be commensurate with the complexity of the technology and the complexity of the combination. Here, it was Samsung, as the master of its own petition, that proposed having one physical component in hirayoshi control another physical component to do something it was never designed to do. And it relied on but only for the functional purpose of determining how much of a delay to apply. It didn't rely on but for anything else. Last point, your honors, is while it is true that the board doesn't need to expressly write out an analysis for every single argument in a case, it does have to address the critical arguments and disputes that are relevant to the combination as presented. The three disputes that I referenced earlier were critical to resolving this case, and the board sidestepped those disputes by changing the modification, the obviousness combination. That is not permissible, and that is an APA violation. If there are no further questions, I will cede. Thank you, your honors. Thank you. Thank you to both counsel. The case is submitted.